**FILED**

**AUG 2 0 2018**

Clerk, U.S District & Bankruptcy
Courts for the District of Columbi

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT 'SOLIDER' HEARD, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> DEPARTMENT OF JUSTICE, *et al.*, ) <br> ) <br> Defendants. ) | Civil Action No. 1:18-cv-01848 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), which allows for dismissal of a plaintiff's complaint which fails to state a claim upon which relief can be granted or is frivolous or malicious.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff sues the Department of Justice, "Gainesville, Georgia," and other non-specific defendants. Compl. at caption. The complaint is confused, rambling, and incomprehensible. Plaintiff alleges that defendants have created [sic] ". . . a mind controlling mechanism that incudes

1

altered brain waves that in turn creates altered patterns of thought injected by cyber technology that is used in and with astral protection, telekinesis is an adept-level alteration spell." *Id.* at 3. He seems to allege that he and others are telepathically brainwashed and induced to commit acts outside of their control. *Id.* He seeks $500,000 to $1,000,000 in damages and asks the Court to ". . . conduct a thorough investigation of every averment . . . until [plaintiff is] satisfied . . ." *Id.* at 5.

A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08. In addition to failing to state a claim for relief, the instant complaint is deemed frivolous on its face. Consequently, the complaint and this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: August 16, 2018

United States District Judge